No. 14-4223

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA**,

Appellee,

vs.

**CHAUNCEY HAWKINS**,

Appellant.

**Appeal from the United States District Court
for the Eastern District of North Carolina**

**BRIEF PURSUANT TO ANDERS V. CALIFORNIA**

NEAL GARY ROSENSWEIG, P.A.
P.O. Box 814598
Hollywood, Florida 33081-4598
954-962-7720
Attorney for Appellant

**THIS CASE IS ENTITLED TO PREFERENCE
(CRIMINAL APPEAL)**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

### UNITED STATES V. CHAUNCEY HAWKINS

### No. 14-4223

Appellant files this Certificate of Interested Persons and Corporate Disclosure

Statement, listing the parties and entities interested in this appeal, as required by 6th

Cir. R. 26.1.

Bruce, John Stuart, First Assistant United States Attorney

Dever, James C., III, United States Chief District Judge

Fox, James C., United States Senior District Judge

Gates, James E., United States Magistrate Judge

Holding, George E.B., United States Attorney

Jones, Robert B., United States Magistrate Judge

Quander, James Edward, Jr., Trial Attorney for Appellant

Rosensweig, Neal Gary, Appellate Attorney for Defendant

Rubain, Stacey Dawn, Trial Attorney for Appellant

Walker, Denise Assistant United States Attorney

# TABLE OF CONTENTS

| | | |
|---|---|---|
| CERTIFICATE OF INTERESTED PERSONS | | i |
| TABLE OF CONTENTS | | ii |
| TABLE OF AUTHORITIES | | iii-iv |
| STATEMENT OF JURISDICTION | | 1 |
| STATEMENT OF THE ISSUES | | 1 |
| STATEMENT OF THE CASE | | 2-3 |
| STATEMENT OF FACTS | | 4 |
| SUMMARY OF THE ARGUMENT | | 6 |
| ARGUMENT | | 7-24 |
| 1. | Standards of Review | 7 |
| 2. | Discussion of Issues | 7-24 |
| | A.  **HAWKINS' guilty plea appears to have been intelligent, knowing and voluntary.** | 7-10 |
| | B.  **HAWKINS' total sentence of 168 months is not unreasonable under the circumstances.** | 22-24 |
| CONCLUSION | | 24 |
| CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)(7)(B) | | 25 |
| CERTIFICATE OF TYPE AND SIZE | | 25 |
| CERTIFICATE OF SERVICE | | 26 |

## TABLE OF AUTHORITIES

| **Cases** | **Page(s)** |
|---|---|
| Anders v. California, 386 U.S. 738 (1967) | 5, 15 |
| Gall v. U.S., 552 U.S. 38 (2007) | 6, 10, 11 |
| Irizarry v. U.S., 553 U.S. 708 (2008) | 14 |
| Rita v. U.S., 551 U.S. 338 (2007) | 10, 14 |
| U.S. v. Curry, 523 F.3d 436 (4th Cir. 2008) | 11 |
| U.S. v. Heath, 559 F.3d 263 (4th Cir.), cert. denied, 130 S.Ct. 122 (2009) | 10-11 |
| U.S. v. Massenburg, 564 F.3d 337 (4th Cir. 2009) | 10 |
| U.S. v. Vonn, 535 U.S. 55 (2002) | 10 |
| Walton v. Angelone, 321 F.3d 442 (4th Cir.), cert. denied, 539 U.S. 950 (2003) | 6 |

**Statutory and Other Authority**

| | |
|---|---|
| 18 U.S.C. § 3231 | 1 |
| 18 U.S.C. § 3553 | 11, 14 |
| 18 U.S.C. § 3742 | 1 |
| 21 U.S.C. § 841 | 2 |
| 21 U.S.C. § 846 | 2 |

iii

**TABLE OF AUTHORITIES**, Cont.    **Page(s)**

21 U.S.C. § 851    2

21 U.S.C. § 853    2

28 U.S.C. § 1291    1

USSG § 2D1.1    11

USSG Chapter Five, Part A, Sentencing Table    12

USSG § 5D1.2(a)(1)    12

Rule 11, Federal Rules of Criminal Procedure    5, 9-10

Rule 32(a)(7)(B), Federal Rules of Appellate Procedure    15

Rules 32(a)(5) and (a)(6), Federal Rules of Appellate Procedure    15

## STATEMENT OF JURISDICTION

The district court had jurisdiction of this case pursuant to 18 U.S.C. § 3231 because the defendant was charged with an offense against the laws of the United States. The statutory basis of appeal under which this Court has jurisdiction is 28 U.S.C. § 1291 and 18 U.S.C. § 3742, which give the courts of appeals jurisdiction over all final decisions and sentences of the district courts of the United States. The Notice of Appeal was filed on March 10, 2014 (DE: 38, Notice of Appeal), from a judgment entered on June 25, 2013 (DE: 35, Judgment).

## STATEMENT OF THE ISSUES

1. Whether Appellant's guilty plea was intelligent, knowing and voluntary.

2. Whether Appellant's total sentence of 168 months is reasonable.

## STATEMENT OF THE CASE

Appellant CHAUNCEY HAWKINS was the defendant in the district court and will be referred to as " HAWKINS ," "Appellant" or "Defendant." The appellee, The United States of America, will be referred to as "government." The record will be cited to by reference to the docket entry, title, date and page numbers designated by the district court (i.e., DE: 1, Indictment, 1/1/13, p. 1). The Presentence Investigation Report will be referred to as "PSR."

On May 4, 2011, an indictment was filed in the U.S. District Court for the Eastern District of North Carolina, charging HAWKINS with one count of conspiracy to possess with intent to distribute and to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (DE: 1, Indictment, 5/4/11). Also alleged in the indictment was a prior conviction for a felony drug offense, pursuant to 21 U.S.C. §§ 841(b) and 851, and a forfeiture notice, pursuant to 21 U.S.C. § 853 (id.).

HAWKINS was arrested pursuant to a warrant on May 7, 2012 (DE: 7, Arrest Warrant Returned Executed, 5/8/12), and he made his initial appearance the same day (DE: 5, Minute Entry, Initial Appearance, 5/7/12). He was ordered detained pending trial after waiving his right to a detention hearing on May 14, 2012 (DE: 13, Minute Entry of Detention Hearing, 5/14/12; DE: 14, Waiver of Detention Hearing, 5/14/12;

2

Oral Order Granting Oral Motion for Detention Pending Trial). At his arraignment on April 1, 2013, HAWKINS entered a guilty plea to the single count of the Indictment pursuant to a written plea agreement (DE: 25, Minute Entry of Arraignment, 4/1/13; DE: 26, Plea Agreement, 4/1/13). A presentence investigation report (PSR) was prepared on June 28, 2013 (DE: 27, PSR (Sealed), 6/28/13), and HAWKINS filed a sealed sentencing memorandum on July 13, 2013 (DE: 30, Proposed Sealed Document, 7/13/13).

On July 16, 2013, the district court sentenced HAWKINS to 168 months imprisonment on the sole count of the Indictment, 5 years of supervised release, and a special assessment of $ 100.00 (DE: 32, Minute Entry of Sentencing, 7/16/13; DE: 35, Judgment, 7/16/13). HAWKINS filed a notice of appeal on March 10, 2014 (DE: 38, Notice of Appeal, 3/10/14), and he remains incarcerated pending this appeal.

3

## STATEMENT OF FACTS

According to the government, the DEA began investigating HAWKINS in 2006 as part of its investigation into the activities of the Face Mob Family, headed by Donald Shealey, in Raleigh (DE: 27, PSR (Sealed), 6/27/13, at 4). The investigation revealed that HAWKINS was Shealey's heroin source (id.). HAWKINS was held responsible for numerous transactions involving what the government deemed a conservative estimate of 3 kilograms of heroin (id.).

4

## **SUMMARY OF THE ARGUMENT**

Pursuant to Anders v. California, 286 U.S. 738 (1967), the undersigned, after making a conscientious review of the record, concludes that there are no meritorious appellate issues concerning HAWKINS' conviction and sentence. While undersigned counsel believes that in his professional judgment no non-frivolous issues exist for appeal, the issues are nevertheless presented and advanced so as to protect the client's rights, and to preserve the issues for possible further review.

HAWKINS' guilty plea appears to have been knowing and voluntary, and the district court fully complied with Rule 11 by adequately reviewing with HAWKINS the consequences of his plea. HAWKINS indicated that he understood the consequences of his plea and the rights he was waiving at every stage of the process. He made no objections to the acceptance of the plea. HAWKINS' total sentence of 168 months imprisonment is not unreasonable under the circumstances.

## ARGUMENT

### 1. Standards of Review

A.     In evaluating the constitutional validity of a guilty plea, "courts look to

the totality of the circumstances surrounding [it], granting the defendant's solemn

declaration of guilt a presumption of truthfulness." Walton v. Angelone, 321 F.3d

442, 462 (4th Cir.), cert. denied, 539 U.S. 950 (2003) (internal citation omitted).

B.     "Appellate review of sentencing decisions is limited to determining

whether they are reasonable," "under a deferential abuse-of-discretion standard."

Gall v. U.S., 552 U.S. 38, 46 (2007).

### 2. Discussion of Issues

### A.     HAWKINS' guilty plea appears to have been intelligent, knowing and voluntary.

In evaluating the constitutional validity of a guilty plea, "courts look to the

totality of the circumstances surrounding [it], granting the defendant's solemn

declaration of guilt a presumption of truthfulness." Walton v. Angelone, 321 F.3d

442, 462 (4th Cir.), cert. denied, 539 U.S. 950 (2003) (internal citation omitted).

At the arraignment/change of plea hearing on April 1, 2013, HAWKINS and

other defendants were present for arraignments and pleas (DE: 46, Transcript of

6

Arraignment, 3/18/13, pp. 2-3). The district court provided the defendants with general advice as to the rights each one was entitled to, including the right to be charged by indictment returned by the grand jury, the right to a jury trial, the presumption of innocence and government's burden of proof of guilt beyond a reasonable doubt (id. at 3-4). The court informed the defendants of their right to confront witnesses and to compel their attendance, and the right to testify or to remain silent (id. at 4-5). The court also advised the defendants that if they pleaded guilty, that they would waive their rights to a trial, and that they would be sentenced after the preparation of a presentence investigation report (PSR), and after the court considered the advisory sentencing guidelines and all relevant statutory sentencing factors (id. at 5). The court explained that it would carefully examine any plea agreement, but that it was not a party to such an agreement (id. at 6). The court explained that a guilty plea would require that the defendants would be required to waive their rights to silence in order for the court to determine that they were, in fact, guilty (id. at 7). The court explained the rights that would be lost following a guilty plea, the possibility of supervised release, fines, special assessments, and the possibility of deportation (id. at 7-9). The court also explained the presentence report, the defendants' rights in challenging the report, and the court's consideration and resolution of any issues at sentencing (id. at 9-11). The court explained the

7

possibility and the procedure of a government motion for sentence reduction based upon substantial assistance, and the rights to appeal a conviction and sentence subject to an appellate waiver in a plea agreement (id. at 12-14). The district court then asked all defendants a series of questions, concerning all of the rights discussed, and there were no negative responses or questions (id. at 14-15).

The district court then addressed HAWKINS individually, warned him against perjury, determined his age, 37, his highest level of education, eighth grade, and found him competent to plead (id. at 16-17). The district court read the charges to HAWKINS, informed him of the minimum and maximum penalties, and HAWKINS stated that he wished to plead guilty (id. at 17-18). HAWKINS stated that he had heard and understood the court's explanations as to the right to a jury trial and the law with regard to the charges against him (id. at 18). HAWKINS stated that he understood the rights he would be waiving, the consequences of his plea, and that it was his desire to plead guilty (id. at 18-19). He stated that he had discussed the charges with counsel, understood the charges, and that he understood the government's burden of proof with respect to the charges (id. at 19). He also stated that he understood the maximum penalty, the applicability of the sentencing factors for the court's consideration, the advisory sentencing guidelines, and the fact that his attorney's calculation of the anticipated sentence was only an estimate (id. at 19-20).

8

HAWKINS stated that he understood the potential consequences of deportation, and that he had not been threatened or forced to plead guilty (id. at 20). HAWKINS' attorney stated that he had explained the plea agreement and the ramifications of the plea agreement versus those of going to trial (id. at 20-21). HAWKINS stated that he had discussed the plea agreement with counsel and had no questions about it (id. at 21). The government read the plea agreement into the record, and HAWKINS stated that the terms as read were accurate (id. at 21-27). HAWKINS stated that he understood that the terms of the plea agreements were non-binding on the court (id. at 27-28). HAWKINS also stated that he understood the provisions of the appeal waiver, and that he had not been promised anything, other than what was contained in the plea agreement, to induce his guilty plea (id. at 28). HAWKINS agreed that he was guilty of the charges in the indictment (id. at 28-29). The court found that the plea was given freely and voluntarily, that HAWKINS fully and completely understood the charges and consequences of the plea, and that there was a factual basis for the elements of the charges (id. at 29). HAWKINS' guilty plea was accepted, and he was adjudged guilty (id. at 29-30). The district court deferred acceptance of the plea agreement until after preparation of a presentence report (id. at 30).

The district court substantially complied with the requirements of Rule 11 by

9

adequately advising HAWKINS of the charges and of the consequences of his plea, and HAWKINS indicated that he understood the charges, the penalties, and the rights he was waiving. The totality of the circumstances in the record strongly suggests that HAWKINS' guilty plea was entered into knowingly and voluntarily. As the district court's acceptance of the plea was not challenged below, this court reviews for plain error. See U.S. v. Vonn, 535 U.S. 55, 58-59 (2002); see also U.S. v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Nothing in the record suggests that HAWKINS would be able to meet this or any other standard. None of HAWKINS' statements demonstrated that he failed to understand any aspect of the plea, suggested that the plea and its waivers of rights were not voluntarily or knowingly made, or drew into question any fact underlying the plea.

## B. HAWKINS' total sentence of 168 months is not procedurally or substantively unreasonable under the circumstances.

"Appellate review of sentencing decisions is limited to determining whether they are reasonable," "under a deferential abuse-of-discretion standard." Gall v. U.S., 552 U.S. 38, 46 (2007). A sentence within the applicable Guidelines range is entitled to a presumption of reasonableness. Rita v. U.S., 551 U.S. 338, 347 (2007); see generally, U.S. v. Heath, 559 F.3d 263 (4th Cir.), cert. denied, 130 S.Ct. 122 (2009)

10

(addressing both the substantive and procedural reasonableness of the sentencing

proceedings). This Court's review of the reasonableness of the district court's

sentencing decision is a two-part inquiry. First, the Court examines whether the

district court committed a significant procedural error in imposing the sentence; if no

procedural error was committed, the Court may only vacate a sentence if it is

substantively unreasonable in light of all relevant facts. Heath, 559 F.3d at 266

(quoting U.S. v. Curry, 523 F.3d 436, 439 (4ᵗʰ Cir. 2008)). "A district court commits

a significant procedural error by 'failing to calculate (or improperly calculating) the

Guidelines range, treating the Guidelines range as mandatory, failing to consider the

§ 3553 factors, selecting a sentence based on clearly erroneous facts, or failing to

adequately explain the chosen sentence-including an explanation for any deviation

from the Guidelines.'" Id. (quoting Gall, 552 U.S., at 51).

The Probation Office determined that pursuant to USSG § 2D1.1, HAWKINS'

responsibility for 3 kilograms of heroin established a base offense level of 34 (PSR

at 12). His offense level was reduced by a total of three levels for acceptance of

responsibility, resulting in a total offense level of 31 (id.). His criminal history

established a total of five criminal history points and placed him in Category III, with

an advisory Guidelines range of 135-168 months imprisonment, a statutory minimum

mandatory sentence of 10 years, a statutory maximum sentence of life in prison, and

11

a term of supervised release of 2-5 years (PSR at 6-7, 12, 13; 21 U.S.C. §§ 841 and 846; USSG § 5D1.2(a)(1); USSG Chapter Five, Part A, Sentencing Table)[1].

HAWKINS objected to the PSR's assessment of two of the five criminal history points for committing the instant offense while under a criminal sentence imposed on July 18, 2007, but at sentencing, the objection was withdrawn (PSR at 16; DE: 47, Transcript of Sentencing, 7/16/13, p. 2). The only objection remaining was to Paragraph 9 of the PSR, which alleged that HAWKINS had created a falsified passport while residing in Egypt (id., PSR at 5). After a lengthy discussion, the district court first overruled, then sustained HAWKINS' objection, but according to the government and the PSR, the matter had no bearing on the case for purposes of calculating HAWKINS' advisory Guidelines range (id. at 2-12; PSR at 15).

The district court adopted the PSR's correct calculation of the advisory Guidelines range, Level 31 in criminal history category III, and range of 135-168 months (DE: 47, Transcript of Sentencing, 7/16/13, p. 12). HAWKINS argued for a

---

[1]

In light of Amendment 782 to the Sentencing Guidelines, which lowered the base offense level for drug offenses based on quantity by two levels, and the Sentencing Commission's vote, on July 18, 2014, to make the amendment fully retroactive, HAWKINS may be eligible for a reduction in his sentence, at level 29, in criminal history category III, with a corresponding range of 108-135 months. As the amendment will not take effect until November 15, 2014, the district court should be able to entertain HAWKINS' motion to be resentenced at any time after that date.

12

variance to the statutory minimum of 120 months, citing, *inter alia*, HAWKINS'
conversion to Islam, his "exceptional rehabilitation" following the period of his
offense conduct, his motivational speaking, voluminous letters of recommendation
he received from employees at the prison facility and from supporters, and the
completion of his GED (id. at 13-17, 18-20). The government countered that the PSR
omitted HAWKINS' purchase of ten kilograms of cocaine in 2006 as additional
criminal history information (id. at 17, 21). The government argued that HAWKINS
boasted in music videos about his accomplishments and lavish lifestyle, all without
acknowledging his participation in the drug trade or the individuals who were harmed
(id. at 21). The government maintained that HAWKINS was a principal supplier for
Donald Shealey and the Face Mob Family, and that immediately following the seizure
of Shealey's Maserati from in front of HAWKINS' residence, that HAWKINS left the
country and moved to Egypt, where he had been "perverting the [tenets] of Islam for
his own benefit" (id. at 22-23). The government reminded the court of the extensive
nature of HAWKINS' involvement with Shealey, of the violence employed by the
Shealey organization, and concluded by asking the district court for an upward
variance of 188 months (id. at 23-29).

The district court denied both parties' requests for variances, and HAWKINS
allocuted (id. at 36-37). The district court then recited some of HAWKINS'

13

unindicted criminal history and his role in the Shealey organization; stated that it was

adopting the PSR's findings, that it had calculated the advisory Guidelines range and

had considered the Guidelines and § 3553(a) factors, and sentenced HAWKINS to

168 months in prison, to be followed by five years of supervised release, and a special

assessment of $ 100.00 (id. at 37-40). The court made an individualized assessment

of the facts presented, including the fact that HAWKINS had multiple convictions for

controlled substance offenses, but had never served a substantial term of

imprisonment (id. at 38). The district court also stated that it imposed a sentence at

the top of the applicable advisory Guidelines range because of HAWKINS'

participation in a violent drug conspiracy (id. at 40).

The court does not appear to have committed significant procedural error. It

correctly calculated the advisory Guidelines range; gave the parties an opportunity

to argue for a particular sentence; adopted the findings of the PSR; took the advisory

Guidelines range and § 3553 factors into consideration; and explained, in detail, its

reasons for the sentence chosen. HAWKINS' objection to lack of notice of the

government's *ore tenus* motion for variance is of no significance, as (1) there is no

notice requirement, see Irizarry v. U.S., 553 U.S. 708, 713-716 (2008), and (2) the

government's motion for an upward variance to 188 months was denied by the district

court. As there was no significant procedural error, this Court could vacate the

14

sentence only if it were substantively unreasonable in light of all relevant facts. A within-Guidelines sentence is presumed to be reasonable. See Rita, 551 U.S. at 347. In light of all of the relevant facts, the district court did not abuse its discretion, and HAWKINS' sentence cannot be said to be unreasonable.

## CONCLUSION

Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel has made a conscientious review of the record in this case; represents in good faith that the record contains no appealable issue of merit; and respectfully requests that this Court make an independent review of the record.

## CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)(7)(B)

This brief complies with the type-volume limitation contained in Rule 32(a)(7)(B), Federal Rules of Appellate Procedure, in that it contains 2976 words.

## CERTIFICATE OF TYPE AND SIZE

This brief complies with the typeface and type style limitation requirements of Rules 32(a)(5) and (a)(6), Federal Rules of Appellate Procedure, in that the size and style of type of this brief is Times New Roman, size 14.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been electronically filed and served on the United States this 20th day of August, 2014, and that one true and correct copy of the foregoing, along with a copy of undersigned counsel's Motion to Withdraw and a letter advising Mr. Hawkins that he will have the opportunity to file a brief in support of reversal of the conviction and/or vacation of the sentence, has been sent to Chauncey Hawkins, USM # 56346-056, FCI Butner Low, Federal Correctional Institution, P.O. BOX 999, Butner, NC 27509.

Respectfully submitted,

NEAL GARY ROSENSWEIG, P.A.
Attorney for Appellant
P.O. Box 814598
Hollywood, Florida 33081-4598
954-962-7720

by    /s/ NEAL GARY ROSENSWEIG